UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Exline

    v.                                                           Civil No. 19-cv-1107-JD
                                                                      Opinion No. 2020 DNH 112

William Joseph, et al.

O R D E R

After state law charges of identity fraud were dismissed, Richard Exline sued employees of the New Hampshire Department of Safety, who, he alleges, were involved in retaliating against him because of his protected speech. He brings a claim under 42 U.S.C. § 1983, alleging violation of his First Amendment rights, a similar claim under the New Hampshire Constitution, and a claim for malicious prosecution. The defendants move to dismiss. Exline objects.

Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts the well-pleaded factual allegations in the complaint as true and construes reasonable inferences in the plaintiff's favor. Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019). "To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." Rios-Campbell v. U.S. Dept. of

Commerce, 927 F.3d 21, 24 (1st Cir. 2019) (internal quotation marks omitted).  The purpose of the plausibility standard is to "weed out cases that do not warrant either discovery or trial." Id. (internal quotation marks omitted).

Background

Exline alleges that he has had "a long and sometimes contentious relationship with the New Hampshire Department of Safety, Division of Motor Vehicles."  Doc. 1, ¶ 13.  He further alleges that he has had "a long-term relationship with Susanne Roy, an employee of the New Hampshire Department of Safety, Division of Motor Vehicles."  Id., ¶ 14.  He states that "in that capacity," Roy has often clashed with William Joseph, another employee and a defendant in this case.

On August 3, 2016, Joseph was nominated for another term as Deputy Director of Motor Vehicles.  Two days later, Exline sent three employees at the New Hampshire Department of Motor Vehicles ("DMV") emails with a link to an attachment that read "Vote No William Joseph reappointment at NH DMV."  Id. ¶ 31.  A notation at the bottom of the bottom of each email stated that the email had been forwarded by the recipient from Craigslist. In other words, the email did not identify Exline as the sender because he wanted to be anonymous and used a Craigslist feature

for that purpose.  The recipients were Elizabeth Beliecki, Jeffrey Oberdank, and Maria Buckman.

The New Hampshire State Police opened an investigation, which was assigned to Detective Sergeant David McCormack.  As part of his investigation, McCormack wrote in a report that Joseph was upset by the email incident in light of his pending reappointment.  Kelly Brudniak gathered the emails that were sent to her staff at the DMV and gave them to McCormack.  The recipients of the emails, Bielicki, Oberdank, and Buckman participated in the investigation and development of the case against Exline.

By identifying the internet account, the investigation discovered that Exline sent the emails.  McCormack obtained a search warrant to seize Exline's and Roy's computers and cell phones.  The warrant was executed by New Hampshire State Troopers on March 27, 2017.

In April of 2018, a grand jury returned indictments against Exline on three counts of identity fraud in violation of RSA 638:26, I(b).  The charges were dismissed on October 26, 2018.

In Count I, Exline alleges that all of the defendants subjected him to arrest and prosecution without probable cause and subjected him to invasion of privacy and seizure of his property to retaliate against him for expressing his opinion about the reappointment of Joseph, in violation of the First

3

Amendment. In Count II, Exline alleges that the same actions violated Part I, Article 22 of the New Hampshire Constitution. In Count III, he alleges that all of the defendants acted with malice in subjecting him to criminal prosecution. He seeks a million dollars in damages.

## Discussion

The defendants move to dismiss all three claims. In support, they contend that they are entitled to immunity under the Eleventh Amendment from the claims brought in their official capacities. They also contend that they are entitled to immunity from the claim under the New Hampshire Constitution in Count II. In addition, they challenge the claims on the merits. Exline objects to parts of the motion.

### A. Sovereign Immunity-Count I

The defendants move to dismiss claims against them in their official capacities. Exline did not respond to that part of the motion.[1] To the extent Exline intended to sue the defendants in their official capacities, that would constitute a suit against the State of New Hampshire, and the Eleventh Amendment bars suits against the state for money damages. Town of Barnstable

---

[1] Exline is represented by counsel, and therefore is not entitled to the leniency that might pertain to a pro se party.

v. O'Connor, 786 F.3d 130, 138 (1st Cir. 2015). Therefore, any claim against the defendants in their official capacities is dismissed.

B. Immunity under State Law – Count II

The defendants contend that the state constitutional claim in Count II is barred by sovereign and official immunity under state law. Exline also did not respond to that part of the motion.

To the extent Exline intended his state constitutional claim for damages to be brought against the State of New Hampshire, the defendants assert that the claims are barred by sovereign immunity. See Conrad v. N.H. Dept. of Safety, 167 N.H. 59, 79 (2014); Claremont Sch. Dist. v. Governor, 144 N.H. 590, 592-93. Exline does not dispute that defense. Therefore, any claim in Count II against the state is dismissed.[2]

---

[2] The defendants also argue that Exline cannot bring a claim seeking money damages against the individual defendants because RSA Chapter 541-B only authorizes actions when a plaintiff has suffered either a bodily injury or property damages. The defendants assert that the constitutional violation alleged in this case caused neither bodily injury nor property damage. Although Exline did not respond to that theory for dismissal, the defendants have not shown that RSA Chapter 541-B limits causes of action brought against state employees individually. See Burns v. N.H. Corr. Corporal, 2019 DNH 106, 2019 WL 2796407, at *3 (D.N.H. July 2, 2019). Nevertheless, Count II is dismissed as explained below.

C. <u>Retaliation</u>

In Claim I, Exline alleges that the defendants "individually and in concert with each other, subjected the Plaintiff to arrest and prosecution without probable cause, in retaliation for his First Amendment protected speech."  Doc. 1, ¶ 50.  He also alleges that the defendants "subjected the Plaintiff to invasion of privacy and seizure and retention of his property, all in retaliation for his First Amendment protected activity."  <u>Id.</u>, ¶ 54.  He alleges in Claim II that the same actions violated Part I, Article 22 of the New Hampshire Constitution.  In Count III, he alleges that he was subjected to criminal prosecution "instituted by Defendants," that "[t]he prosecution was undertaken without probable cause," and that "[t]he Defendants acted with malice."  Doc. 1, ¶¶ 62, 63, 64.

Exline, however, does not allege facts to show that any of the defendants arrested or prosecuted him.[3]  In the complaint, the defendants are all identified as employees of the Department

---

[3] Although Exline alleges that Brudniak gathered the emails that Exline sent to Bielecki, Oberdank, and Buckman and gave them to McCormack and alleges that they participated in the prosecution voluntarily, he provides no allegations that they prosecuted him.  Gathering information or evidence is not prosecution of a crime.

6

of Safety.[4]  William Joseph, Elizabeth Bielecki, Jeffrey Oberdank, Maria Buckman, and Kelly Brudniak are employees of the Division of Motor Vehicles ("DMV") in the Department of Safety. As the DMV defendants point out, without objection from Exline, they lack any authority to arrest or prosecute in these circumstances.  For that reason, Exline does not and could not allege that the DMV defendants arrested or prosecuted him.

While Exline criticizes McCormack's investigation of the emails, he does not allege that McCormack obtained the grand jury indictment, arrested him, or prosecuted the charges against him.  In fact, Exline does not allege who arrested and prosecuted him, and instead, refers generally to "the government."[5]  Doc. 1, ¶¶ 38, 39.  In the absence of allegations that any of the defendants violated his right to free speech by retaliatory arrest or prosecution, he fails to state a claim for violation of his constitutional rights in Claim I and Claim II on those grounds.  Similarly, he does not allege that any of the

---

[4] Exline makes no allegations against Barthelmes, identifying him only as an employee of the New Hampshire Department of Safety.  To the extent Exline's allegations of actions taken by "the government" were intended to allege claims for damages against the state, those claims are barred by sovereign immunity.

[5] In their reply, the defendants point out that Exline was prosecuted by the Merrimack County Attorney's Office.

defendants prosecuted him, which is fatal to his malicious prosecution claim.

Exline also alleges in Claim I that the "defendants" retaliated against him by invading his privacy and seizing and retaining his property, but he provides no facts to support that theory. He alleges that McCormack obtained a search warrant to seize his computers and cell phones and that the search warrant was executed by state troopers who are not defendants in this case. Therefore, any claim of retaliation based on the search and seizure of his electronics is not supported by factual allegations that state a cognizable claim.

To the extent Exline intended to allege a conspiracy to retaliate against him in Claim I, his claim fails. A civil conspiracy to violate a constitutional right requires allegations that the defendants were involved in a common design or agreement to violate the plaintiff's right, that at least one of them took a wrongful act in furtherance of the agreement, and that the plaintiff's asserted right was violated. Tibbs v. Samuels, 2017 WL 1164484, at *6 (D. Mass. Mar. 28, 2017). Exline has not alleged facts that show an agreement, that any defendant arrested or prosecuted him or searched or seized his property, or that the defendants' actions caused a deprivation of his First Amendment rights.

8

D. Probable Cause

Even if Exline had provided allegations that the defendants were causally involved in his arrest and prosecution and the seizure of his electronics, he does not state a claim that his constitutional rights to free speech were violated. He also does not state a claim for malicious prosecution.

To show that the defendants retaliated against him in violation of the First Amendment by arresting and prosecuting him, Exline must allege facts to show that the defendants lacked probable cause to arrest and prosecute him. Nieves v. Bartlett, 139 S. Ct. 1715, 1723-27 (2019). A narrow exception exists when officers have probable cause to arrest but ordinarily exercise their discretion not to do so, such as when persons are seen jaywalking. Id. at 1727. The defendants have asserted, and Exline does not dispute, that the same standard applies to a claim of retaliation in violation of Part I, Article 22 of the state constitution.[6] To state a claim for malicious prosecution under New Hampshire law, Exline must allege facts to show that the defendants lacked probable cause to prosecute him. Farrelly v. City of Concord, 168 N.H. 430, 445 (2015).

---

[6] In opposing the defendants' motion on the issue of probable cause, Exline addresses only Count I, alleging a violation of the First Amendment, and Count III, alleging a state law claim for malicious prosecution. He does not oppose the motion to dismiss Count II on any ground.

9

Probable cause exists to arrest or to prosecute when the facts and circumstances known by the actor, based on reasonably reliable information, would warrant a prudent person to believe that the suspect has committed or is about to commit a crime. United States v. Merritt, 945 F.3d 578, 583 (2019); Burke v. Town of Walpole, 405 F.3d 66, 80 (1st Cir. 2005). When a grand jury returns an indictment that is valid on its face, probable cause is conclusively determined and cannot be challenged absent a showing that there were improprieties in obtaining the indictment. Kaley v. United States, 571 U.S. 320, 328 (2014); Ojo v. Lorenzo, 164 N.H. 717, 727 (2013).

The grand jury's indictment establishes that probable cause existed to arrest and prosecute Exline for identity fraud in violation of RSA 638:26, I(b).[7] Exline alleges no facts to show that any improprieties occurred in obtaining the grand jury's indictments.[8] Although Exline argues that the exception

---

[7] Similarly, Exline's computers and cellphone were taken under the authority of a search warrant. A search warrant must be supported by probable cause, and a search and seizure pursuant to a valid warrant is reasonable. U.S. Const. Amend. 4; United States v. Mendoza-Maisonet, --- F.3d ---, 2020 WL 3056445, at *9 (1st Cir. June 9, 2020). He does not allege that the search warrant was improperly obtained or otherwise invalid. Therefore, he does not allege facts to show that the search and seizure of his property was improper.

[8] In his surreply, Exline argues that because New Hampshire grand jury proceedings are not recorded unless the government decides to do so, there is no record to show that the government misinformed the grand jury about the charged crime. He further

10

identified in <u>Nieves</u> should be applied here, he provides no allegations to show that the discretion that is the basis for the exception existed in the circumstances of this case where a grand jury found probable cause to indict.

Therefore, because Exline does not allege that any of the defendants arrested or prosecuted him or searched or seized his property and does not allege facts to show that those actions were taken without probable cause, his claims fail.

Conclusion

For the foregoing reasons, the defendants' motion to dismiss (document no. 40) is granted.  All of the plaintiff's claims are dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

July 6, 2020
cc:  Counsel of Record.

---

states that "at this stage in the proceedings, it is entirely plausible, and indeed almost unavoidable, that the government mis-informed the grand jury on the applicability to RSA 638:20 [sic] to the facts of the case." Doc. 46, at *2.  Although Exline urges the court to assume that improprieties occurred, he provides no allegations that would support such an assumption, and the court will not proceed on a baseless assumption.